UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **KYMBER CONSULTING GROUP, LLC** <br><br> and <br><br> **DARA Z. JONES** <br><br> *Plaintiffs*, <br><br> v. <br><br> **KYMBER M. CATO** <br><br> *Defendant*. | Case No.: _____ |

## COMPLAINT AND REQUEST FOR INJUNCTION

**COME NOW** Plaintiffs KYMBER CONSULTING GROUP, LLC (hereinafter "KCG") and DARA Z. JONES (hereinafter collectively, the "Plaintiffs"), by and through undersigned counsel, and for their Complaint and Request for Injunction against Defendant KYMBER M. CATO allege the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1114, 1116–18.

2. This Court has original jurisdiction under 28 U.S.C. § 1331, because it presents a question of federal law.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the Plaintiffs are residents of Maryland, the Defendant resides in Texas, and absent federal intervention, Plaintiffs can easily have losses that significantly exceed $75,000.00.

4. Venue is proper in this judicial district pursuant to 18 U.S.C. § 1965 and 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this judicial district due to Defendant's interference with Plaintiff KCG's System for Award Management (hereinafter "SAM") government contract administration account which is administered and operated by the U.S. General Services Administration (hereinafter "GSA")'s Federal Acquisition Service (hereinafter "FAS") and KCG's U.S. Small Business Administration (hereinafter "SBA") Dynamic Small Business Search (hereinafter "DSBS") account which is administered and operated by the SBA, both entities of which are located in Washington, District of Columbia.

## PARTIES

5. Plaintiff KCG is a Maryland Limited Liability Company residing at 1810 Whistling Duck Drive, Upper Marlboro, Maryland 20774.

6. Plaintiff JONES is the owner and operator of KCG residing at 1810 Whistling Duck Drive, Upper Marlboro, Maryland 20774.

7. Defendant CATO is an individual with a last known address of 827 East 4th Street, Rusk, Texas 75785.

## STATEMENT OF FACTS

8. The events giving rise to the instant case took place in District of Columbia, Maryland, and Texas.

9. On or about March 18, 2022, after an approximately three (3)-year hiatus, Defendant began harassing Plaintiffs by telephone calls to Plaintiffs and interfering with Plaintiff KCG's SAM.gov account.  Ex. A and B.

10. On December 10, 2019, Plaintiffs were forced to send a cease-and-desist letter, by counsel, to Defendant.  Ex. C.

11.     The Defendant had fraudulently claimed ownership of KCG on the federal government's contract clearinghouse website, SAM.  *Id.*

12.     Once obtaining access to KCG's account on SAM, the Defendant began making unauthorized changes to the account, seriously interfering with KCG's operations and imperiling KCG's relationship with the federal government.  *Id.*

13.     It was unknown to Plaintiffs at the time that the Defendant had recently been through some trauma and was struggling with serious mental health issues, including delusional thinking.  Ex. D.

14.     Defendant held and continues to hold the delusional belief that she is the owner of KCG. *Id.*

15.     Throughout 2019, Defendant called the Plaintiffs at unreasonable hours and emailed them harassing messages.  Ex. E and F.

16.     Acting on said belief, Defendant reached out to Plaintiffs' clients, affiliates, banking institutions, and the federal government regarding, asserting her ownership of, and attempting to influence their relationships with KCG.  Ex. G and N.

17.     Finally, Defendant infringed upon the intellectual property rights of KCG by wrongfully claiming ownership thereof.  Ex. H and I.

18.     Defendant became incarcerated on dangerous weapon possession charges unrelated to this matter sometime in late 2019 to early July 2020, making Plaintiffs fearful of their safety and the safety of their employees.  Ex. J.

19.     Soon thereafter, Defendant agreed to cease the offending behavior.  Ex. D.

20.     After a brief period of tranquility, the Defendant has renewed her crusade of chaos against the Plaintiffs this year.  Ex. A.

21. Starting in March 2022, the Defendant has called and continues to call the Plaintiffs at unreasonable hours to harass them and assert ownership of KCG. *Id.* and Ex. K and O.

22. Defendant has even made changes to KCG's Dun & Bradstreet (hereinafter "D&B") profile, removing Plaintiff JONES' role as President and CEO of KCG, and proclaiming herself wrongfully as the President of KCG. Ex. K and L.

23. Defendant has also made changes to KCG's DSBS account which is administered by the SBA from Washington, District of Columbia and used for KCG's government contracting awards.

24. Defendant still maintains that she is the owner of KCG merely because KCG and Defendant share the first name "KYMBER."

25. Defendant further claims that KCG's trademarks are hers and regularly uses her name to access KCG's SAM account in attempt to solicit contracts from the federal government. Ex. B

26. Defendant has claimed and continues to claim KCG's trademarks and name on public forums in violation of 15 U.S.C. §§ 1114, 1116–18. Ex. B, I, K, and L.

27. Defendant's activities are also tantamount to tortious interference with contractual relations. *See Jane Lyons Adver., Inc. v. Cook*, 1998 U.S. Dist. LEXIS 14708 at 25 (D.D.C. 1998) (citing *Weaver v. Gross*, 605 F. Supp. 210, 216 (D.D.C. 1985), "[t]ortious interference with contractual relations arises when a defendant interferes with a contract between the plaintiff and some third party.").

28. Plaintiffs are concerned that Defendant's erratic behavior will reflect poorly on KCG, dilute KCG's trademarks, significantly disrupt KCG's operations, and put millions of dollars at risk.[1]

29. As a result of the Defendant's delusions, she will not listen to reason regarding Plaintiff JONES' ownership of KCG or KCG's trademarks.

30. KCG does business in a highly sophisticated and delicate space, namely government contracting.

31. Defendant is interfering with highly sensitive relationships Plaintiffs have with the federal government and other clients, including changing bank account details in KCG's SAM account.

32. Defendant amazingly continues to obtain wrongful access to Plaintiff KCG's SAM and D&B accounts, wreaking havoc on Plaintiffs.

33. The pattern of Defendant's behavior, paired with her delusional mental state, strongly indicate that she is unlikely to stop harassing the Plaintiffs or interfering with Plaintiffs' business operations absent Court intervention.

34. "[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *Monsanto Co. v. Geertson Seed Farms*, 130 S. Ct. 2743, 2756, 177 L. Ed. 2d 461 (2010).

35. "In particular, '[a] plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and the defendant, a remedy in equity is warranted; and (4) that the public interest would not be

---

[1] *See, e.g.* Ex. M (showing annual revenue from one of KCG's clients).

disserved by a permanent injunction.'" *Sierra Club v. United States Dep't of Agric.*, 841 F.Supp. 2d 349, 355-56 (D.C. Dist. Ct. 2012) (citing *Monsanto*, 130 S. Ct. at 2756).

36. The ongoing chaos and interference with Plaintiffs' business interests and operations have been a significant obstacle to the running of the business. The problems caused by Defendant require significant amounts of time to address, time which could more profitably be spent elsewhere.

37. There is truly no accurate way to gauge how much damage Defendant has done and is doing to the Plaintiffs' reputation and business relationships, or how far-reaching the damage is.

38. Plaintiffs do not know how much financial damage Defendant has caused in lost timed and missed opportunities.

39. Nonetheless, monetary compensation is not currently of interest in this case.

40. What matters most to Plaintiffs now is that the Defendant ceases the offending behaviors, and the only way to accomplish that is with the equitable remedy of a permanent injunction.

41. The Plaintiffs bear the Defendants no ill-will and do not necessarily wish to punish a woman who is clearly struggling with mental issues. At the same time, it is not feasible that this behavior be allowed to continue. Plaintiff believes an injunction will cause the least amount damage to the Defendant while protecting the interests of the Plaintiffs.

42. The public has an interest in the proper functioning of the free market and competent governance. Defendant's behavior threatens both, as it is disrupting a government contractor, whose business it is to help the government govern competently.

## CONCLUSION

**WHEREFORE**, Plaintiffs ask that this Honorable Court enter a permanent injunction against the Defendant, enjoining her from:

1. Holding herself out as an owner, affiliate, or associate of KCG;

2. Contacting Plaintiffs and affiliates, agents, assigns, associates, clients, consultants, employees, partners, or representatives of Plaintiffs via email, telephone, Internet, or using any other means of communication;

3. Holding herself out as KCG with banking institutions and to the D&B and SAM Help Desks or other personnel;

4. Claiming any equity in, ownership of, right to, or association with the Plaintiffs in the past or present; and

5. Use of KCG's trademarks in any form in correspondence, on the Internet, telephonically, or using any form of communication.

Plaintiffs also request that this Honorable Court enter an immediate preliminary injunction enjoining the Defendant from the same pending issuance of its permanent injunction.

**Respectfully submitted this 13th day of April, 2022.**

    /s/Charisse L. Hines
Charisse L. Hines, Esq. (D.C. Bar # 1030653)
CHARISSE HINES LAW
950 North Washington Street, Suite 223C
Alexandria, Virginia 22314
(t) 571-549-2635
(f) 571-933-4123
(e) chines@charissehineslaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| **KYMBER CONSULTING GROUP, LLC** ) <br> ) <br> and ) <br> ) <br> **DARA Z. JONES** ) <br> ) <br>    *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> **KYMBER M. CATO** ) <br> ) <br>    *Defendant*. ) <br> _____) | Case No.: _____ |

**PROPOSED ORDER**

**UPON CONSIDERATION** of Plaintiffs' Complaint and Request for Injunction,

It is **ORDERED**, **ADJUDGED**, and **DECREED** that Defendant is preliminarily and permanently enjoined from:

1. Holding herself out as an owner, affiliate, or associate of KCG;

2. Contacting Plaintiffs and affiliates, agents, assigns, associates, clients, consultants, employees, partners, or representatives of Plaintiffs via email, telephone, Internet, or using any other means of communications;

3. Holding herself out as KCG with banking institutions and to the D&B and SAM Help Desks or other personnel;

4. Claiming any equity in, ownership of, right to, or association with the Plaintiffs in the past or present; and

5. Use of KCG's trademarks in any form in correspondence, on the Internet, telephonically, or using any form of communication.

It is so **ORDERED**.

**ENTERED** this \_\_\_\_ day of _____, 2022.

_____
Presiding Judge, U.S. District Court for the District of Columbia